IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

XUN ENERGY, INC.,
*a Nevada Corporation,*

    Plaintiff,

  v.

LIA KENNEDY, *an individual*, d/b/a
LUXEMBARINGS,

    Defendant.

Case No. 3:11-cv-00983-JPG-DGW

## MEMORANDUM & ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 16) filed by the defendant, Lia Kennedy d/b/a Luxembarings (hereinafter "Kennedy"). The plaintiff, Xun Energy Inc., (hereinafter "Xun"), filed a response in opposition on April 2, 2012 (Doc. 26). Kennedy filed a reply brief on April 26, 2012 (Doc. 32).[1]

I.  Background

A. Factual

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations as true and draws all reasonable inferences in favor of the plaintiff. *Muscarello v. Ogle County Bd. of Com'rs*, 610 F.3d 416, 421 (7th Cir. 2010) (citing *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009); *Patel v. City of Chicago,* 383 F.3d 569, 572 (7th Cir.2004); *McCullah v. Gadert,* 344 F.3d 655, 657 (7th Cir.2003)). In its complaint, Xun alleges it engaged in discussions with Kennedy regarding Kennedy purchasing a specified amount of Xun's stock. Xun informed Kennedy it intended to use the funds from the sale for oil drilling and exploration and

---

[1] Local Rule 7.1 requires a reply brief to be filed within fourteen days of the response. Kenendy's reply was untimely filed and again makes blanket statements without any support. The Reply brief throws more random facts at the Court without tying those facts to legal argument. Further, the dispute of facts is inappropriate for a Motion to Dismiss.

rework/enhancement programs for oil wells in Kentucky and elsewhere. On May 8, 2011, the parties then executed an Escrow Agreement (Doc. 2-1A) in which Xun placed twenty-five thousand dollars ($25,000.00) into an escrow account with a law firm "for the benefit of Defendant." (Doc. 2, para. 7). The Escrow Agreement further stated the parties would later engage in a separate transaction and a copy of the Offer to Purchase Agreement was attached to the Escrow Agreement. If the transaction did not occur within sixty days, the $25,000.00 was to be returned to Xun.

On May 10, 2011 the parties executed an Offer to Purchase Agreement (hereinafter "Agreement"). In the Agreement the parties executed an Offer to Purchase Agreement in which Kennedy would purchase ten million dollars ($10,000,000.00) worth of Xun's common voting stock shares. Kennedy was able to purchase the stock in increments as long as the entire purchase was completed no later than June 24, 2011. The Agreement also allowed Kennedy to terminate the arrangement if the price of the stock dropped below seven cents per share for five consecutive trading days. Xun claims that on the closing day of June 24, 2011, the price of the stock for five consecutive days was $.0846 but Kennedy failed to purchase the stock. Xun further claims that three days later they agreed to extend the purchase date to July 1, 2011, on which date Kennedy still did not purchase the stock. Upon Kennedy's second failure to purchase the stock, Kennedy sent a unilateral amendment of the Agreement to Xun which extended the deadline until July 20, 2011. In spite of the amendment, Kennedy still did not purchase the stock.

On July 22, 2011, Xun sent two letters to the escrow agent to notify them of a breach of the terms of the Agreement and to demand the return of the funds being held in escrow. The same day, Xun sent a letter to Kennedy to notify her of the default and to give her seven days to

cure the default. Kennedy allegedly still did not purchase the stock. Xun then filed suit in this Court.

B. Procedural

Xun filed its complaint on November 4, 2011 (Doc. 2). In the complaint, Xun states three claims against Kennedy, breach of contract, promissory estoppel, and fraud in the inducement. Xun seeks actual damages, lost profits, attorneys' fees, and interests. Xun also reserves the right to claim punitive damages. Kennedy has yet to file an answer but instead filed the present motion to dismiss on February 21, 2012 (Doc. 16).

Kennedy argues the case should be dismissed based upon Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim. Although Kennedy failed to provide any legal support for her arguments outside of a citation to the Act itself, she alleges the transaction violated the 1933 Securities Act. 15 U.S.C. § 77a *et seq*. Kennedy argues that because the agreement violated the 1933 Act, the transaction was void and the suit should be dismissed. Kennedy believes the transaction violated the 1933 Act because she was not an "accredited investor" as described in Rule 501 of the 1933 Act. Further, because Xun did not register the shares it offered to the defendant and was allegedly not exempt from doing so, Kennedy argues she would have had to be a "sophisticated investor" for the sale to go through which she believes she was not. Kennedy's final argument is that the Offer to Purchase Agreement was only an agreement to consider the subscription agreement and therefore was not binding and that the Escrow Agreement limited Xun's remedy (Doc. 16).

In response, Xun argues the Offer to Purchase Agreement was a valid contract to privately purchase and sell the stock. Xun further argues the Agreement did not limit its remedies if there were to be a breach. Finally, it argues the 1933 Act does not apply to the matter because

it was a private transaction with an accredited investor which is exempt from the 1933 Act. Xun argues it had no knowledge or way of knowing Kennedy was not an accredited investor as she approached Xun and continuously represented that she had the ability and capability for the ten million dollar transaction. Finally, Xun states it was not required to register the sale under federal law and if it were to be so required, the law mandates it be registered no more than fifteen days *after* the sale. As the sale did not take place, Xun could not have violated the requirement. Along the same line, Xun puts forth it was not required to register a proposed transaction with Illinois (Doc. 26).

II. Discussion

A. Standard

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667. Further, the non-moving party must proffer some legal basis to support his cause of action. *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006).

As a preliminary matter, the defendants' motion to dismiss refers to matters outside the pleadings. Ordinarily, when such material is presented in connection with a Rule 12(b)(6)

motion to dismiss, the Court may not consider the material unless it treats the motion to dismiss as a motion for summary judgment and gives the parties fair warning that it is doing so and an opportunity to respond. However, there is an exception to this general rule where the attached material is expressly referenced in the complaint and is central to the plaintiffs' claim. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (citing *Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this case, Xun attached the documents to the complaint (Doc. 2-1) and the documents are central to the dispute. The Court may properly consider them in the motion to dismiss. *See Tierney*, 304 F.3d at 738.

 B. Analysis

  Motions to dismiss for failure to state a claim must receive careful scrutiny and are not usually granted. *Sidney S. Arst. Co. v. Pipefitters Welfare Educ. Fund,* 25 F.3d 417 (7th Cir. 1994) (citing *Rothner v. City of Chicago,* 929 F.2d 297, 302 (7th Cir.1991) *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)). Kennedy's motion does not designate which argument is meant for which claim of the complaint, rather she threw all of her potential theories for dismissal at the Court. The Court, therefore, will examine each count pled by Xun and determine whether it has stated a plausible claim for relief in light of Kennedy's arguments. In examining these arguments, the Court will assume all facts as stated in the complaint are true solely for the purpose of this motion. *Erickson,* 551 U.S. at 94.

 1. Count I – Breach of Contract

  In her motion, Kennedy argues Xun had to prepare a subscription agreement which would reflect the terms of the "Agreement Offer to Purchase (Doc. 2-1). Because she could have refused to sign the subscription agreement, Kennedy then argues the Agreement of the Offer to

Purchase was only an agreement to later consider the subscription agreement. Carrying this to its conclusion, Kennedy appears to be asserting that if there was no contract, Xun's claim for breach of contract cannot stand and should be dismissed.

As this matter is in the Court on diversity jurisdiction, the Court will apply Illinois state law in determining whether Xun has sufficiently alleged a breach of contract claim. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). In order to state a claim for breach of contract, a plaintiff must allege, "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Fednav Int'l. Ltd. v. Cont'l Ins. Co.,* 624 F.3d 834, 839 (7th Cir.2010) (internal quotations omitted); *Gonzalzles v. American Express Credit Corp.,* 315 Ill.App.3d 199, 206, 733 N.E.2d 345 (2000).

Looking to the face of the complaint, Xun has alleged 1.) it entered into a contract with Kennedy for the sale of stock (Doc. 2, para. 24), 2.) Xun substantially performed by transferring the money to escrow (Doc. 2, para. 7) and maintaining the stock price where agreed (Doc. 2, para. 25), 3.) Kennedy breached by failing to make the purchase (Doc. 2, para. 26), and 4.) Xun was damaged by Kennedy's breach through the loss of leases, profits, and actual damages (Doc. 2, para. 30, 31). Furthermore, Xun is not required to plead the facts to each element of the claim, but rather to put Kennedy on notice of the potential claim. *Christensen v. County of Boone, IL,* 483 F.3d 454, 466 (7th Cir.2007) (stating "when federal courts entertain claims under state law-whether under the diversity jurisdiction of 28 U.S.C. § 1332 or, as here, the supplemental jurisdiction of 28 U.S.C. § 1367-it is not necessary to plead facts matching elements of legal theories").

Kennedy argues that the Offer to Purchase Agreement never went into effect because it was to be effective after the preparation of a subscription agreement. The argument presented by

7

Kennedy is not appropriate for a Rule 12(b)(6) motion to dismiss. Xun was only required to plead factual allegations to support its claim, which it did. Xun, in fact, disagrees with Kennedy's version of the facts and argues Kennedy agreed at the time a subscription agreement would be executed after the funds for the purchase were cleared (Doc. 26). The facts surrounding the subscription agreement will not be resolved in a motion to dismiss and are more appropriate for a motion for summary judgment. *See Automation By Design, Inc. v. Raybestos Products Co.*, 463 F.3d 749, 753 (7th Cir. 2006); (citing *Orthodontic Affiliates, P.C. v. Long,* 841 N.E.2d 219, 222 (Ind.Ct.App.2006) ("Generally, the construction of a written contract is a question of law for which summary judgment is particularly appropriate"). Thus, Kennedy's argument that Agreement never went into effect is premature at this juncture.

    Xun has properly and sufficiently alleged the four elements required to state a claim for breach of contract. This is sufficient to survive a motion to dismiss. *See Ashcroft,* 129 S.Ct. at 1949. A Rule 12(b)(6) motion is proper motion to contest whether a plaintiff has pled a valid claim, not to assess whether the plaintiff's claim is meritorious. Fed. R. Civ. P. 12(b)(6); *Vincent v. City Colleges of Chicago,* 485 F.3d 919, 923-24 (7th Cir.2007) (stating, "[d]ismissal under Rule 12(b)(6) is reserved for complaints that do not state legally cognizable claims" and "the possibility that facts to be adduced later, and consistent with the complaint, could prove the claim, is enough for the litigation to move forward"). A plaintiff is merely required to provide a defendant with sufficient notice of the claim being brought against the defendant. *Ashcroft*, 129 S.Ct. at 1949. The Court finds Xun has stated a claim for breach of contract and denies Kennedy's motion to dismiss as to Count I.

2. Count II – Promissory Estoppel

"Illinois law provides for an affirmative cause of action under the doctrine of promissory estoppel." *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.,* 233 Ill.2d 46, 906 N.E.2d 520, 528 (Ill.2009). Under *Newton,* however, a plaintiff may recover under the theory of promissory estoppel only in the absence of a contract between the parties. *Newton,* 906 N.E.2d at 528. A promissory estoppel claim requires that "(1) defendants made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment." *Ross v. May Co.,* 377 Ill.App.3d 387, 393, 880 N.E.2d 210 (2007).

In its complaint, Xun alleges 1.) Kennedy promised to buy ten million dollars of stock (Doc. 2, para. 6, 10), 2.) Xun relied on Kennedy's promise and Kennedy knew or should have known Xun would do so (Doc. 2, para. 34-35), and 3.) Xun has suffered damage as a direct result (Doc. 2, para. 36). None of the theories set forth in Kennedy's motion to dismiss appear to relate to the claim for promissory estoppel. The Court notes, however, that Xun has alleged both a breach of contract claim and a claim for promissory estoppel. If indeed the contract is valid, Xun will not be able to continue with a promissory estoppel claim. *Northbound Group, Inc. v. Norvax, Inc.,* Slip Copy, 2012 WL 394336 N.D.Ill., (February 06, 2012). At this juncture, however, where Kennedy is still disputing the validity of the contract, the Court will allow both claims to proceed. The motion to dismiss as applied to Count II is denied.

3. Count III – Fraud in the Inducement

Xun's final claim is one which lies in tort for fraud in the inducement. Again Kennedy did not make any particular allegations directed at Count III but rather at the complaint as a whole

and therefore the Court will review the claim of fraud in the inducement. Although not cited by either party, the Federal Rules of Civil Procedure have a separate rule for fraud which states,

> **(b) Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. Rules of Civ. Pro. 9(b)(emphasis in original). Under Rule 9(b), a plaintiff must state with particularity "all averments of fraud or mistake." Fed.R.Civ.P. 9(b); *see also Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1078 (7th Cir.1997). The circumstances of fraud or mistake include "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc.,* 536 F.3d 663, 668 (7th Cir. 2008) (citing *Gen. Elec. Capital,* 128 F.3d at 1078).

In order to state a claim under Illinois law for fraud in the inducement, Xun must plead 1.) a false representation of material fact, 2.) made with knowledge or belief of that representation's falsity, 3.) made with the purpose of inducing another party to act or to refrain from acting, and 4.) the other party reasonably relies upon the representation to its detriment. *Enterprise Recovery Systems, Inc. v. Salmeron,* 401 Ill.App.3d 65, 72, 927 N.E.2d 852, 858-859, (2010) (citing *Phil Dressler & Associates, Inc. v. Old Oak Brook Investment Corp.,* 192 Ill.App.3d 577, 584, 548 N.E.2d 1343, 1347 (1989)). Here, Xun alleged Kennedy falsely stated she had ten million dollars to purchase stock from Xun when she knew she did not (Doc. 2, para 38, 40). Xun alleged the amount of money was material to the agreement between them (Doc. 2, para. 38). It further alleged Kennedy made these misrepresentations for the purpose of inducing Xun into signing the Agreement (Doc. 2, para. 39). Finally, Xun alleged it reasonably relied

upon Kennedy's statements to its detriment and was damaged by her refusal to pay (Doc. 2, para. 41).

Federal Rules of Civil Procedure 9(b) requires Xun to plead fraud with particularity. Taking the complaint as a whole, Xun has pled who made the statements (Kennedy), what the statements were (having ten million dollars to purchase stock), when the statements were made (May 8, 2011, May 10, 2011, June 27, 2011) and how the statements were made (both verbally and in signed agreements). Xun did not allege where the statements were made, however, the Court does not find this to be relevant to the action. The Court finds Xun has stated its cause of action for fraud in the inducement with sufficient particularity to satisfy Rule 9(b). The Court further denies Kennedy's motion to dismiss as to Count III.

4. Allegations Common to all Claims

    A. Xun's Remedies Are Limited by the Agreement

Common to all claims is the argument Kennedy "complied with the only remedy that is mentioned in any of the documents which was the return of the $25,000 to Plaintiff…" She further states "[t]his is the only remedy mentioned in the documents. This shows that the parties agreed that this would be the only consequence…" Xun takes the position the provision in the Escrow Agreement is a liability limitation only for the escrow agent and therefore provides instructions for the escrow funds if either party decides to rescind the contract. It further points out the funds were put into escrow by Xun and it is therefore illogical that the only remedy to Xun would be a return of its own money. Kennedy appears to argue if Xun's remedies are limited by the Escrow Agreement, this case should be dismissed. The Court notes this position is in conflict with Kennedy's attestations the Agreement was not binding.

The Escrow Agreement (not to be confused with the Offer to Purchase Agreement) states:

> No later than sixty (60) days from the date hereof, in the event Party 2 fails to close on the subject transaction pursuant to the Agreement, Escrow Agent shall release the escrowed funds of $25,000.00 to Party 1. No later than sixty (60) days from the date hereof, in the event Party 1 is in default under the Agreement, Escrow Agent shall release the escrowed funds of $25,000.00 to Party 2.

(Doc. 2-1, Ex. A at para. 3(b)). Kennedy argues this language limits all liability stemming from the transaction. The Court does not agree. To prove waiver, Kennedy must establish that the plaintiff "voluntar[ily] and intentional[ly] relinquish[ed] ... a known right. *Chicago College of Osteopathic Medicine v. George A. Fuller Co.,* 776 F.2d 198, 202 (7th Cir.1985). Kennedy has not provided any information to support this theory. The language cited to in the Escrow Agreement simply does not rise to "voluntarily and intentionally" relinquishing the right to recover in the case of a breach.

The language in the Escrow Agreement is insufficient to establish Xun waived its right for additional recourse and Kennedy has not provided any evidence or support for her position. The idea Xun would only receive the return of its own money if Kennedy breached the Agreement is illogical. Viewing the facts in favor of Xun, at this stage of the litigation, the Court finds Xun did not waive its right to recover through a cause of action in the case of breach.

### B. Securities Arguments

Kennedy raises confusing and disjointed arguments regarding Securities laws of the United States. These arguments are peppered throughout the three page motion to dismiss and are not flushed out, supported by case law, or fully argued to the Court. The essence of Kennedy's argument appears to be the agreement violated securities laws and therefore was void and Xun cannot seek to recover for the "breach" (Doc. 16). Kennedy's arguments are factual and

conclusory and include information about Kennedy the Court does not possess. In its untimely reply brief (Doc. 26), Kennedy threw more facts at the Court and the Court reminds Kennedy that a motion to dismiss is not the proper vehicle to determine facts of a case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court is able to examine, however, the argument pertaining to whether the stock needed to be registered to be valid.

Kennedy sets forth "that the security laws of the United States and Illinois require that one who offers to sell securities register them or qualify for an exemption from registration." (Doc. 16, para. 4). Section 5 of the Securities Act of 1933 ("1933 Act") requires securities to be registered. 17 C.F.R. § 230.500. Section 506 exempts sales to a limited number of purchasers (less than thirty-five) and requires each of those purchasers to be an accredited investor or to have:

> such knowledge and experience in financial and business matters that he is capable of evaluating the merits and risks of the prospective investment, or the issuer reasonably believes immediately prior to making any sale that such purchaser comes within this description.

17 C.F.R. § 200.506. The Court has not been presented information by Kennedy of why she is not an accredited investor. An accredited investor in Section 501 is any person who falls within certain categories or whom the issuer believes falls within those categories. 17 C.F.R. § 230.501. Looking at the categories and based upon the information the Court has from the parties, it would be reasonable to think Kennedy's net worth exceeds one million dollars (17 C.F.R. §230.501(5)) or that Kennedy's total assets are in excess of five million dollars (17 C.F.R. §230.501(6)). Based upon the complaint and taking all well-pleaded facts as true, the Court sees no reason why the issuer, Xun, would not reasonably believe Kennedy was an accredited

investor or "capable of evaluating the merits and risks of the prospective investment." 17 C.F.R. § 230.506.

Based upon Xun's belief Kennedy was competent to purchase the shares and Xun was therefore exempt from registering through Regulation D, Xun would not have been required to file a notice of the sale of the stock until fifteen days after the purchase was completed. 17 C.F.R. § 230.503. Given that the sale never took place, there is no way Xun could have registered the sale of the stock. The same analysis is true under Illinois law which exempts isolated transactions and transactions where the issuer reasonably believes the buyer has a net worth of one million dollars or more or the buyer makes more than two hundred thousand dollars a year. 815 ILCS 5/4 (2001).

Kennedy's argument the agreement was void based upon the security laws fails in the motion to dismiss. The Court must construe all facts in favor of the plaintiff, Xun. *See Bourke v. Dun & Bradstreet Corporation*, 159 F.3d 1032, 1036 (7th Cir. 1998). Kennedy did not provide any factual support as to why she was not an accredited investor or as to why Xun was unreasonable to believe she was. As such, the Court finds the transaction did not violate the 1933 Act and is not void. The Court may reconsider this issue in the future if Kennedy were to provide sufficient factual information to show Xun's belief was unreasonable or she was not an accredited investor.

III.   Conclusion

The Court **FINDS** Xun Energy, Inc. has stated claims upon which relief can be granted and **DENIES** Lia Kennedy's Motion to Dismiss (Doc. 16).

**IT IS SO ORDERED.**
**DATED:** April 27, 2012              s./ J. Phil Gilbert
                                       **J. PHIL GILBERT**
                                       **DISTRICT JUDGE**