IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| XUN ENERGY, INC., *a Nevada Corporation*, | |
| Plaintiff, | |
| vs. | Case No. 11-cv-983-JPG |
| LIA KENNEDY, *an individual*, d/b/a LUXEMBARINGS, | |
| Defendant. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant's motion to reconsider (Doc. 41) the Court's order (Doc. 33) denying defendant's motion to dismiss for failure to state a claim (Doc. 16).  For the following reasons, the Court denies defendant's motion to reconsider (Doc. 41).

On November 4, 2011, plaintiff filed a three-count complaint alleging breach of contract, promissory estoppel, and fraud in the inducement stemming from an agreement between plaintiff and defendant for the sale of ten million dollars of common voting stock shares to plaintiff. (Doc. 2)  On February 21, 2012, defendant filed a motion to dismiss plaintiff's complaint for failure to state a claim (Doc. 16) under Federal Rule of Civil Procedure 12(b)(6).  The Court denied defendant's motion (Doc. 33) on April 27, 2012.  Defendant filed the instant motion to reconsider (Doc. 41) on June 25, 2012.

Defendant asks the Court to reconsider her motion to dismiss based on the following reasons: (1) the contract is void for violating the Securities Act of 1933 that requires sales of stock to an accredited investor[1]; (2) the contract is void for violating the Securities Exchange Act

---

[1] The Court notes that defendant argues that she is not an accredited investor, but then attaches a document that contradicts that position.  An accredited investor is defined as "[a]ny natural person whose individual net worth . . .

of 1934 that requires the use of a licensed broker or dealer; and (3) the contract is void for violating Illinois securities law that requires all securities be registered with the state before sale. Finally, defendant asks the Court to "award attorney's fees as well as other sanctions for filing a frivolous lawsuit." (Doc. 41, p. 13).

Defendant does not indicate under which procedural rule she brings the instant motion. Accordingly, the Court construes defendant's motion to be a motion to reconsider pursuant to Federal Rule of Civil Procedure 60(b). It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Under Rule 60(b), a court may relieve a party from an order where there is 'mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial"; or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b). "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

Here, defendant fails to base her motion to reconsider on any of the standards set forth in Rule 60(b). Rather, defendant expands on legal arguments she raised in her motion to dismiss and introduces new factual allegations. For instance, defendant argues that plaintiff could not have reasonably believed defendant was an accredited investor because defendant requested plaintiff advance her $25,000 for a trip to Turkey where plaintiff was to close another deal. Defendant fails to base this argument in any of the Rule 60(b) factors, such as "newly discovered

---

exceeds $1,000,000." 17 C.F.R. 230.501(a)(5). Defendant simultaneously attaches a document to her motion to reconsider indicating that she owned a piece of artwork that alone was worth $1,200,000. (Doc. 41-1, p. 3).

2

evidence," justifying a motion to reconsider.  Defendant further argues the contract violated federal securities law because "[p]laintiff contracted with Ingrid Guibert to sell the stock, and plaintiff knew or should have known that Ms. Guibert was an unlicensed Broker/Dealer" as required by the Securities and Exchange Act of 1934.  (Doc. 41, p. 7).   Again, defendant does not even suggest that this argument meets a standard set forth under Rule 60(b).  Thus, defendant has failed to establish any of the requirements of Rule 60(b) that would justify this Court in granting her motion to reconsider.

Accordingly, the Court **DENIES** defendant's motion to reconsider (Doc. 41) including her motion for attorney's fees and sanctions.

**IT IS SO ORDERED**.

**DATE:** August 16, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**